# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **AMAZING STEWART**,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>**ROY CASTRO**, **Warden, et al.**,<br><br>　　　　　　Respondent. | Civil No. 06cv0018 IEG (WMc)<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE DENYING RESPONDENT'S MOTION TO DISMISS** |

　　　　This Report and Recommendation is submitted to United States District Judge Irma E. Gonzalez, pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California.

///
///
///
///
///
///

**FEDERAL PROCEEDINGS**

On January 3, 2006, Amazing Stewart[1] ("Petitioner"), a state prisoner proceeding *pro se* and *in froma pauperis*, filed a federal Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition" or "Pet.").[2] On April 25, 2006, Respondent filed Motion to Dismiss the Petition for failure to exhaust all state court remedies. In response, on September 25, 2006, Petitioner filed a letter with the Court requesting that all unexhausted claims be dismissed and that the Court move forward with the exhausted claims. The Court has reviewed the Motion to Dismiss, Petitioner's response and the record, and **RECOMMENDS** (1) that Respondent's Motion to Dismiss be **DENIED** as moot; (2) that claims three and six be **DISMISSED**, and (3) that the parties be ordered to adhere to the briefing schedule set forth below.

**STATE PROCEEDINGS**

On September 15, 2003, Petitioner was charged in a three-count information filed in the San Diego County Superior Court. (Lodgment No. 1, Clerk's Transcript ["CT"] at 1.) Petitioner was charged and convicted of attempted murder, assault with a firearm, and corporal injury to a cohabitant. (CT at 120-22.) In a bifurcated court trial, Petitioner admitted to having previously been convicted of two robberies which constituted one serious felony prior conviction. (CT at 209-10.) The court struck one of the prior strike convictions and sentenced Petitioner to a total prison term of 44 years to life. (*Id.*)

On November 29, 2004, Petitioner appealed his conviction to the California Court of Appeal, Fourth Appellate District, Division One. (Lodgment No. 4.) On March 11, 2005, the appellate court affirmed the conviction in an unpublished opinion. (Lodgment No. 5.) Petitioner then filed a petition for review in the California Supreme Court. (Lodgment No. 6.) In the petition, Petitioner alleged that the trial court committed reversible federal constitutional error (1) by refusing to instruct on a combination of mental illness and voluntary intoxication; (2) by failing to resolve the "drug discount" dispute during closing arguments; (3) by instructing the jury it could not consider evidence of intoxication and mental illness on the assault and domestic violence charges; and (4) by instructing under CALJIC No.

---

[1] Petitioner's real name is Nathaniel Amazing Stewart.

[2] Petitioner filed an amended complaint on March 1, 2006.

2.50.02 on domestic violence propensity evidence admitted under Evidence Code section 1109, subdivision (b). (*Id*.) On June 8, 2005, the California Supreme Court denied the petition for review. (Lodgment No. 7.)

**DISCUSSION**

In the instant action Respondent filed a Motion to Dismiss, alleging that the Petition contains both exhausted and unexhausted claims. (Respt.'s P&A 3.) Respondent argues that claims two, three, four and five of the Petition are unexhausted because in those claims Petitioner included an argument that the error by the trial court was not harmless beyond a reasonable doubt, which was never raised in the state court. (*Id*. at 4-5.) Respondent argues that because Petitioner included a reference to *Chapman v. California*, 386 U.S. 19 (1967), which is the harmless error standard, in claims two through five, Petitioner presented an issue in the federal Petition that was never presented to the state court. (*Id*. at 5.) Respondent further argues that claim six is unexhausted because the issue alleged was never raised in the petition for review to the California Supreme Court. (*Id*. at 6.) Thus, Respondent contends that the Petition should be dismissed as a mixed petition. (*Id*. at 7.)

The exhaustion of available state judicial remedies is generally a prerequisite to a federal court's consideration of claims presented in habeas corpus proceedings. 28 U.S.C. § 2254(b); see also *Rose v. Lundy*, 455 U.S. 509, 522 (1982). The exhaustion requirement is designed to provide the state court with a "fair opportunity" to first pass upon violations of a petitioners federal rights. *Anderson v. Harless*, 459 U.S. 4, 6 (1982). A claim has not been "fairly" presented if facts alleged in federal court fundamentally alter the nature of the claim that was presented to the state's highest court. *Vasquez v. Hillery*, 474 U.S. 254, 260 (1986); *cf. Aiken v. Spalding*, 841 F.2d 881, 883 (9th Cir. 1988) (a federal petition may not be supported by facts that put the claim in a "significantly different and stronger evidentiary posture" than that addressed by the state court). A petitioner may actually exhaust his claims by providing the state court with an opportunity to review the facts and legal theories in a procedurally appropriate manner. Generally, a state's appellate review procedure requires a petitioner to present his claims to the state's highest court, even where review is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Additionally, the petitioner must present the state courts with the *same* claims presented to the federal courts. *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995).

However, for purposes of exhaustion, *pro se* petitions are held to a more lenient standard than those petitions filed by prisoners represented by counsel. *Sanders v. Ryder*, 342 F.3d 991, 999 (9th Cir. 2003); *see also Paterson v. Lampert*, 319 F.3d 1153, 1159 (9th Cir. 2003) ("the complete exhaustion rule is not to trap the unwary *pro se* prisoner."). The purpose of the exhaustion rule is to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal court, and to "protect the state courts' role in enforcement of federal law." *Rose*, 455 U.S. at 518. The exhaustion requirement is a matter of comity, not of jurisdiction. *Ex parte Royall*, 117 U.S. 241, 250-51 (1866).

When a petitioner presents a petition with both exhausted and unexhausted claims, the Supreme Court has held that a federal district court may not rule on the mixed petition; they must dismiss such a petition without prejudice, giving petitioner the chance to either return to state court to provide the state the first opportunity to address any unexhausted claims or to file an amended petition in federal court containing only exhausted claims. *Rose*, 455 U.S. at 518-19. The Ninth Circuit has held that "it is error for a district court to dismiss a mixed habeas petition without first offering the petitioner the options provided in *Rose v. Lundy*, 455 U.S. 509 (1982)." *See Jefferson v. Budge*, 419 F.3d 1013, 1014, 1016 (9th Cir. 2005); *see also Rhines v. Weber*, 544 U.S. 269 (2005) ("if a petitioner presents a district court with a mixed petition . . . the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to habeas relief.").

Here, by adding a harmless error argument at the end of claims two through five, Respondent argues that Petitioner has presented new issues in federal court that are unexhausted because they were never argued in the state's highest court. (Respt.'s P&A 4.) However, the Court finds Respondent's argument unpersuasive. Even though the Respondent is correct that a federal court cannot grant habeas relief unless a petitioner has exhausted all available state remedies, such is not the case here. 28 U.S.C. § 2254(b)(1). By adding a harmless error argument to claims two through five of the Petition, Petitioner did not add facts that altered the nature of the claims, nor did he present the claims in a new light to allege a different federal constitutional violation. *See Vasquez*, 474 U.S. at 260. Including a harmless error argument does not amount to alleging a new constitutional violation, and thus the purpose of the

exhaustion requirement has been satisfied.  *Rose*, 455 U.S. at 518 (stating the purpose of the exhaustion requirement is to give the state a full and fair opportunity to resolve the underlying federal constitutional claims.).  The Court finds Petitioner has satisfied the exhaustion requirement under 28 U.S.C. § 2254(b)(1).

However, upon careful review of the record, the Court also finds that Petitioner never presented claims three and six to the state's highest court.  A Petition that contains claims never presented to the states highest court does violate the exhaustion requirement.  *Duncan*, 513 U.S. at 365-66.  In claim three, Petitioner alleges that the "prosecution's 'drug discount' argument constitutes reversible misconduct, error and prejudice." (Pet. 8.)  In claim six, Petitioner alleges that his "right to a fair trial was compromised during improper transport." (Pet. 18.)  These specific arguments were never presented to the Supreme Court of California.  Therefore, the Court determines that claims three and six are unexhausted.

In any case, as previously noted in a letter dated September 25, 2006, Petitioner has requested that all unexhausted claims be dismissed and that Petitioner be allowed to continue with his exhausted claims.  Accordingly, the Court recommends that claims three and six be **DISMISSED** and that Respondent's Motion to Dismiss be **DENIED** as moot.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) **DENYING** Respondent's Motion to Dismiss the Petition for Writ of Habeas Corpus, and (2) **DISMISSING** claims three and six of Petitioner's Petition for Writ of Habeas Corpus.

**IT IS FURTHER RECOMMENDED** that Respondent be ordered to file an Answer to the Petition for Writ of Habeas Corpus with the Court and serve all parties no later than **November 24, 2006**.

Any Traverse to the Answer shall be filed with the Court and served on all parties no later than **December 22, 2006**.

///

1    **IT IS ORDERED** that no later than **October 30, 2006** any party to this action may filed a
2    written objection with the Court and serve a copy on all parties.  The document should be captioned
3    "Objections to Report and Recommendation."
4    **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and
5    served on all parties no later than **November 13, 2006**.
6    **IT IS SO ORDERED.**

7 DATED:  October 16, 2006

_____
Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court

12 cc: HONORABLE IRMA GONZALEZ
13      ALL COUNSEL AND PARTIES OF RECORD